RECEIVED
NOV 01 2013
JUDGE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
             Plaintiff, )
             )
v. ) Case No. 1:13-cv-07844
             ) Judge Gettleman
GARY J. STERN, ) Magistrate Judge Brown
             Defendant. )

## FINAL JUDGMENT OF PERMANENT INJUNCTION

Plaintiff United States of America has filed a complaint for permanent injunction against defendant Gary J. Stern. Stern admits that this Court has jurisdiction over him and over the subject matter of this action pursuant to 28 U.S.C. §§ 1340 and 1345 and under 26 U.S.C. (I.R.C.) §§ 7402, 7407, and 7408. Stern does not admit any of the other allegations contained in the complaint.

Stern enters into this Final Judgment of Permanent Injunction voluntarily and waives any right he may have to appeal from it. The parties waive entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure. The parties agree that this Final Judgment of Permanent Injunction does not constitute an admission of any kind by either party. The parties further agree that entry of this Final Judgment of Permanent Injunction neither precludes the IRS from assessing penalties against Stern for asserted violations of the Internal Revenue Code nor precludes Stern from contesting any such penalties. The parties further agree that entry of this Final Judgment of Permanent Injunction does not preclude the IRS Office of Professional Responsibility from imposing discipline on Stern based on any conduct described in the complaint in this case or any other known conduct or subsequently discovered conduct. The parties further agree that entry of this Final Judgment of Permanent Injunction resolves only this

civil injunction action, and neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings, nor precludes Stern from contesting his liability in any matter or proceeding. The parties further agree that they will each bear their own costs, including any attorneys' fees or other expenses of this litigation.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and I.R.C. §§ 7402(a), 7407, and 7408.

2. Pursuant to I.R.C. §§ 7402, 7407, and 7408, Gary J. Stern is permanently enjoined, directly or indirectly, from:

>   (a) providing any individual or entity with any advice relating to federal taxes that Gary J. Stern knows or has reason to know is false or fraudulent;
>
>   (b) representing any taxpayer before the IRS in any matter that Gary J. Stern knows or has reason to know (i) violates or attempts to violate the internal revenue laws or (ii) helps others unlawfully evade the assessment or collection of correct federal taxes;
>
>   (c) preparing or filing, or assisting others in preparing or filing, any of the following federal tax returns (or amended federal tax returns) and federal tax documents (or subsequent versions of those returns and documents) for any entity or individual other than himself, his family members, or any entity with respect to which he or any of his family members is an owner or employee and the principal purpose of such entity is not related to federal income tax benefits:
>
>   > i. Form 1040 – U.S. Individual Income Tax Return
>   > ii. Form 1041 – U.S. Income Tax Return for Estates and Trusts
>   > iii. Form 1065 – U.S. Return of Partnership Income
>   > iv. Form 1120 – U.S. Corporation Income Tax Return
>   > v. Form 1120S – U.S. Income Tax Return for an S Corporation
>   > vi. Form 1120-PC – U.S. Property and Casualty Insurance Company Income Tax Return
>   > vii. Form 3800 – General Business Credit
>   > viii. Form 8271 – Investor Reporting of Tax Shelter Registration Number
>   > ix. Form 8886 – Reportable Transaction Disclosure Statement
>   > x. Form 8907 – Nonconventional Source Fuel Credit
>   > xi. Schedule K-1 – Partner's Share of Income, Deductions, Credits, etc.;

(d) organizing, promoting, selling, marketing or advising with respect to (or assisting others in organizing, promoting, selling, marketing or advising with respect to) the creation of any entity taxed as a partnership under the internal revenue laws that Gary J. Stern knows or has reason to know (i) violates or attempts to violate the internal revenue laws or (ii) helps others unlawfully evade the assessment or collection of correct federal taxes;

(e) organizing, promoting, selling, marketing or advising with respect to (or assisting others in organizing, promoting, selling, marketing or advising with respect to) any plan or arrangement involving (i) credits for producing fuel from a non-conventional source; (ii) the use of any entity to assist others in illegally shifting income for the purpose of avoiding tax; or (iii) any substantially similar plan or arrangement;

(f) organizing, promoting, selling, marketing or advising with respect to (or assisting others in organizing, promoting, selling, marketing or advising with respect to) any plan or arrangement that Gary J. Stern knows or has reason to know violates or attempts to violate the internal revenue laws or helps others unlawfully evade the assessment or collection of correct federal taxes;

(g) engaging in conduct subject to penalty under I.R.C. §§ 6700, 6701, and 6694, or engaging in any other conduct subject to penalty under any provision of the Internal Revenue Code; and

(h) engaging in any other conduct that interferes with the administration or enforcement of the internal revenue laws.

3. Pursuant to I.R.C. § 7402, Gary J. Stern is ORDERED to identify and collect the names, addresses, e-mail addresses, phone numbers, and Social Security or other tax identification numbers, of all the participants in the Green Gas Arrangement, the Merrillville Trust Arrangement, and the Income-Shifting Arrangement (as referred to in the complaint filed in this case).

4. Pursuant to I.R.C. § 7402, Gary J. Stern is ORDERED to produce to counsel for the United States within 30 days of entry of this Final Judgment of Permanent Injunction all of the information Gary J. Stern collected in paragraph 3 above.

5. Pursuant to I.R.C. § 7402, Gary J. Stern is ORDERED to send by mail, within 30 days of entry of this Final Judgment of Permanent Injunction and at his own expense, a copy of this Final Judgment of Permanent Injunction to each individual identified in paragraph 3 above. The mailings may include a cover letter, but such letter must be in a form either agreed to by counsel for the United States or approved by this Court, and shall not include any other documents or enclosures.

6. Pursuant to I.R.C. § 7402(a), Gary J. Stern is ORDERED to provide, within 30 days of entry of this Final Judgment of Permanent Injunction, a copy of this Final Judgment of Permanent Injunction to all current equity members of Stahl Cowen Crowley Addis LLC, and to provide to counsel for the United States, within 30 days of entry of this Final Judgment of Permanent Injunction, a signed and dated acknowledgment of receipt from each current equity member of Stahl Cowen Crowley Addis LLC.

7. Pursuant to I.R.C. § 7402, Gary J. Stern is ORDERED to provide, within 30 days of entry of this Final Judgment of Permanent Injunction, a copy of this Final Judgment of Permanent Injunction to (a) each client of Stahl Cowen Crowley Addis LLC and Chuhak & Tecson, PC who qualifies as an "Applicable Federal Tax Client," and (b) each individual or entity identified as a partner on a Schedule K-1 (or amended Schedule K-1) that he prepared or filed, or assisted others in preparing or filing, within the last five (5) years. For purposes of this paragraph, an "Applicable Federal Tax Client" refers to any client of Stahl Cowen Crowley Addis LLC and Chuhak & Tecson, PC for whom Gary J. Stern prepared or filed, or assisted others in preparing or filing, any of the federal tax returns (or amended federal tax returns) and federal tax documents (or subsequent versions of those returns or documents) identified in paragraph 2(c)(i) through 2(c)(xi) above, within the last five (5) years.

8. Pursuant to I.R.C. § 7402, Gary J. Stern is ORDERED, to the extent any of the information identified in paragraphs 3, 4, 5, 6, and 7 above is not in his possession, custody, or control, to exercise reasonable diligence in obtaining such information.

9. Pursuant to I.R.C. § 7402, Gary J. Stern is ORDERED to file with the Court, within 45 days of entry of this Final Judgment of Permanent Injunction, a certification signed under penalty of perjury that he has complied with paragraphs 3, 4, 5, 6, and 7 above.

10. The United States is permitted to engage in limited post-judgment discovery to ensure and monitor compliance with this Final Judgment of Permanent Injunction.

11. The Court retains jurisdiction over this action for the purpose of implementing and enforcing this Final Judgment of Permanent Injunction.

12. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, it is ORDERED that entry of this Final Judgment of Permanent Injunction binds the following who receive actual notice of it by personal service or otherwise:

   a. the defendant, Gary J. Stern;

   b. Gary J. Stern's officers, agents, servants, employees, and attorneys; and

   c. other persons who are in active concert or participation with anyone described in (a) or (b) above.

SO ORDERED this 4th day of November, 2013.

_____
United States District Judge

*Agreed to and submitted by:*

Date:

GARY J. STERN

_____
*Defendant*

Date:

MONICO & SPEVACK

By: _____
JACQUELINE S. JACOBSON
Bar #: 6207465
20 S. Clark Street, Suite 700
Chicago, IL 60603
Phone: (312) 782-8500
Fax: (312) 759-2000
jjacobson@monicolaw.com

*Attorney for Defendant Gary J. Stern*

Date: 11/1/13

GARY S. SHAPIRO
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General, Tax Division

_____
HARRIS J. PHILLIPS
Massachusetts BBO #: 675603
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1906
Fax: (202) 514-6770
Harris.J.Phillips@usdoj.gov

*Attorney for the United States*